## BANK OF STATESBORO *et al.,* executors, *v.* FUTCH.

Item 2 of the will under construction is as follows:  "To my beloved wife, Eliza Simmons, I give and bequeath, under the terms and conditions hereinafter set forth, the sum of one hundred thousand dollars ($100,000) for and during her natural life, with remainder at her death to my two daughters, Lula Grimes and Nannie Futch, for their lives and at their death to their children born and to be born unto them, share and share alike.  My executors hereinafter named are authorized and required to set aside from the property of my estate, taking such as is already invested in safe securities, and such cash and other property most available for that purpose, and separate the same from the rest of my estate until it reaches said sum, and then hold the same and invest in sound securities independent of the amount of income that may be derived therefrom, for the uses and purposes aforesaid, giving to my said wife the income therefrom and to my daughters after her death, and turning over the principal as herein provided.  And this provision for my wife is made in lieu of dower, year's support, and any other claim, demand, or right she may have in my estate."  The widow elected to take dower and year's support, which were duly awarded her, thereby losing all other interest in the bequest made in this item of the will. *Held,* that this action of the widow in electing to take dower and year's support had the effect of accelerating the remainders limited to take effect after the life-estate given to her; and that the other provisions and limitations of item 2 of the will be given effect; and the court erred in holding that this item was rendered null and void by the election of the widow to take dower and a year's support.

No. 5718.  APRIL 18, 1927.

Wills, 40 Cyc. p. 1989, n. 75; p. 1991, n. 97; p. 1992, n. 2, 3.

Construction of will, etc.    Before Judge Strange.    Bulloch superior court.    October 29, 1926.

*Howell Cone,* for plaintiffs in error.    *Deal & Renfroe,* contra.

BECK, P. J.    The defendant in error, as plaintiff in the court below, brought her petition alleging that she was a legatee under the will of her father, R. Simmons, and as such was entitled to a vested estate in fee under item 7 of the will, and that the same was wrongfully withheld by the executors.    The controversy arose over the construction of items 2 and 7 of the will in question, taken in connection with the election of the widow to take dower and year's support independent of the will and its provisions made for her.    Item 2 of the will is in the following words:  "To my beloved wife, Eliza Simmons, I give and bequeath, under the terms and conditions hereinafter set forth, the sum of one hundred thousand dollars ($100,000) for and during her natural life, with remainder at her death to my two daughters, Lula Grimes and Nannie Futch, for their lives and at their death to their children born and to be born unto them, share and share alike.    My executors hereinafter named are authorized and required to set aside from the property of my estate, taking such as is already invested in safe securities, and such cash and other property most available for that purpose, and separate the same from the rest of my estate until it reaches said sum, and then hold the same and invest in sound securities independent of the amount of income that may be derived therefrom, for the uses and purposes aforesaid, giving to my said wife the income therefrom and to my said daughters after her death, and turning over the principal as herein provided.    And this provision for my wife is made in lieu of dower, year's support, and any other claim, demand, or right she may have in my estate."    Item 7 reads as follows:  "All the rest, residue, and remainder of my property, of whatever kind and nature, not specifically given, I hereby give and bequeath to my two daughters, Lula Grimes and Nannie Futch, and their children born and to be born unto them, share and share alike, child or children to stand in the place and represent deceased parents, except that my said daughters and their children shall take per capita."

It appears from the pleadings and the agreed statement of facts that the widow rejected the provisions made for her by

item 2 of the will, and obtained a judgment for money in lieu of dower in the amount of $35,000, and the sum of $25,000 as a year's support; and that there remains in the hands of the executors property and money to be administered either under item 2 or under item 7, the estimated value of which is $60,000, after allowing for the payment of legitimate claims, but that this fund is producing an income. The case, at the hearing, was submitted to the court without the intervention of a jury, upon the pleadings and an agreed statement of facts. The court rendered a judgment and decree holding that item 2 of the will "became ineffective, null and void," when the widow of the testator elected to take dower and year's support in lieu of the provisions made for her in the will, and upon the rendition of the judgment therefor and the payment of the same, all of which appears from the record; and the court also held, thereupon, that no property of the estate is to be administered by the executors of the will under the provisions of item 2. The court further adjudged and decreed that under the pleadings and the agreed statement of facts the property of the testator, except as to the bequests given in items 3, 4, 5, and 6, became the residuum of the estate of the testator to be administered under the provision of item 7; and further, that after the payment of lawful claims against the estate, including the expenses of administration, the two daughters of the testator, Lula Grimes and Nannie Futch, "and their children in life at the time of the death of the testator, have each an undivided, vested interest, share and share alike, in the residuum of the estate of R. Simmons, which became vested and absolute upon his death;" and that upon the payment of the lawful claims against the estate the plaintiff, Mrs. Nannie Futch, have and recover a one-sixth interest of the net estate described in the decree.

After carefully considering the agreed statement of facts and items 2 and 7 of the will, we have reached a different conclusion from that announced in the judgment of the trial judge. We are of the opinion that notwithstanding the widow elected to take dower and year's support in lieu of the provisions made for her in the will, this election upon her part and the rendition of the judgments awarding a year's support and dower did not render item 2 of the will null and void and altogether ineffective; nor do we think that the testator intended, in case the widow should

make the election referred to in lieu of the provision made for her in his will, that the property and money which he required his executors to set aside from the property of his estate under item 2 of the will should go into the residuum. If the estate was in such a condition and the property belonging to it was of such a character that the widow actually did conclude it was best for her interest to take dower and year's support, why should it be thought improbable that the testator would have contemplated this event and have made specific provision for the disposition of the property included in item 2, if the election to take year's support and dower by the widow would render that item null and void? He was particular, in item 2, to make specific provision for the disposition of the property embraced in that item, in case, the wife accepted the provision therein contained. Why should he not have made equally specific provisions for the disposition of the property in the event the wife determined to make the election which she subsequently made? We think, therefore, that even though the property of the estate would not allow the accumulation of the amount mentioned in item 2 of the will, that is, $100,000, but only about two thirds of that sum, nevertheless that sum is to be accumulated, under the terms of item 2, and is to be held and paid out by the executors under the terms thereof. The election upon the part of the widow to take dower and year's support may have the effect of accelerating the vesting of the remainders limited to take effect after the termination of the life-estate. There is nothing novel in this doctrine. "Ordinarily the election of the widow to take against the will has the effect of accelerating any remainders limited to take effect after a life-estate given to her." 28 R. C. L. 333. See *Toombs* v. *Spratlin,* 127 *Ga.* 766 (57 S. E. 59), where the doctrine is distinctly recognized. "No particular estate being necessary to sustain a remainder under this Code, the defeat of the particular estate for any cause does not destroy the remainder." Civil Code (1910), § 3675. This conclusion requires a reversal of the judgment of the court below, because of the holding that item 2 of the will was rendered null and void by the election of the widow to take dower.

Inasmuch as it appears from the agreed statement of facts that all the property of the testator not specifically devised will not be

sufficient to make up the amount which the executors were to accumulate under the provisions of item 2, and that consequently there will be no residuum, it is unnecessary to construe the residuum clause in the will, that is, item 7.

*Judgment reversed. All the Justices concur.*